UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EX PARTE NEYEMBO MIKANDA, CHSC,

                    Plaintiff,

          -against-                                    1:23-CV-8359 (LTS)

DONALD J. TRUMP,                                       ORDER OF DISMISSAL

                    Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on September 21, 2023, the Court directed Plaintiff, who

appears *pro se*, within 30 days, to either pay the $402 in fees to commence this civil action or

submit an *in forma pauperis* ("IFP") application. (ECF 2.) On October 5, 2023, Plaintiff filed

three submissions in which Plaintiff seemed to request that the Court withdraw its September 21,

2023 order. (ECF 3-5.) By order dated October 17, 2023, and entered the next day, October 18,

2023, the Court denied those requests, and informed Plaintiff that the Court's September 21,

2023 order remains in effect. (ECF 6.) On October 27, 2023, Plaintiff filed a notice of appeal that

declared Plaintiff's intent to appeal the Court's October 17, 2023 order. (ECF 7.)

The Court understands that Plaintiff's filing of a notice of appeal within 10 days of the

entry of the October 17, 2023 non-final order constitutes an application to file an interlocutory

appeal of that order. *See* 28 U.S.C. § 1292(b); *Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F. 3d 94, 97

(2d Cir. 2017) (construing a notice of appeal filed in the district court within the 10-day period to

file an application for an interlocutory appeal to be a timely filed application to file an

interlocutory appeal). Because the Court retains jurisdiction of this action, despite the filing of

that notice of appeal, and because Plaintiff has not complied with the Court's September 21,

2023 order, however, the Court dismisses this action without prejudice.

**DISCUSSION**

A.     **The Court retains jurisdiction of this action, despite the filing of the interlocutory appeal**

The Court retains jurisdiction to consider and dismiss this action, despite the pending interlocutory appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,][n]or does it apply to untimely or otherwise defective appeals*." China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp.2d 579, 595 (S.D.N.Y. 2012) (internal quotation marks and citation omitted, alterations in original).

Plaintiff filed a notice of appeal on October 27, 2023, in response to the Court's October 17, 2023 order denying Plaintiff's requests for the Court to withdraw its September 21, 2023 order, and declaring that the Court's September 21, 2023 order – which directed Plaintiff to pay the fees to bring this civil action or submit an IFP application – remains in effect. Because Plaintiff is, basically, attempting to appeal from a non-final order directing Plaintiff to comply with the fee or IFP requirements to commence this civil action (the September 21, 2023 order), and because Plaintiff's appeal has not been certified as an interlocutory appeal, Plaintiff's appeal is frivolous and plainly defective. Accordingly, this Court retains jurisdiction of this action. *See, e.g.*, *Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a non-final order to be

"premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, No. 07-CV-3629, 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."); *see also Scamp v. Higgins Family Trust*, No. 23-CV-1418, 2023 WL 2664098, at *1 (S.D.N.Y. Mar. 27, 2023) ("Plaintiff filed a notice of appeal in response to an order directing her to pay the fees or submit an IFP application. Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retains jurisdiction of this action.").

B.      **This action is dismissed without prejudice**

The Court's September 21, 2023 order directed Plaintiff, within 30 days, to either pay the fees to bring this civil action or submit an IFP application. The Court's October 17, 2023 order denied Plaintiff's requests for the Court to withdraw its September 21, 2023 order, and declared that the Court's September 21, 2023 order remains in effect. The Court's September 21, 2023 order informed Plaintiff that failure to comply with that order would result in dismissal of this action. Plaintiff has not paid the fees or filed an IFP application. Accordingly, the Court dismisses this action without prejudice due to Plaintiff's failure to comply with the Court's September 21, 2023 order.

## CONCLUSION

The Court dismisses this action without prejudice. See 28 U.S.C. §§ 1914, 1915.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge